# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

SUSAN MACLEAN SHIELDS,

                      Debtor(s)

Case No. ___17-00106_____

Chapter 13

Hon. _____James W. Boyd_____

Filed: _____

# SECOND PRECONFIRMATION AMENDMENT TO
# CHAPTER 13 PLAN

**I. PLAN PARAMETERS**

**B.**    **LIQUIDATION ANALYSIS.**

1. The amount to be distributed to holders of allowed unsecured claims shall not be less than the value of the non-exempt equity of the Debtor(s) less the costs of sale.  The liquidation value of the estate as required by 11 U.S.C. § 1325(a)(4) **is \* an amount equal to all nonexempt assets of the Debtor, mostly consisting of real property that is to be sold and real property owned by Debtor's LLC which also is to be redeemed and sold; nonexempt assets approximately: $175,000. \***

2. The estimated base amount to be paid to the general unsecured creditors is $_____.

**C.**    **SECURED CLAIMS.**

1.    **Real Property:**

   a.    **Mortgage Payments:**  Unless otherwise stated, the Trustee shall commence paying the first post-petition mortgage payment on the first day of the month following the month of the petition date.

   b.    **Principal Residence Post-Petition Mortgage Payments and Prepetition Arrears:**  The following is the street address and the tax ID parcel no. for the principal residence of the Debtor(s):

Property No. 1 1042 West Harbor Hwy, Maple City, MI 49664; parcel no. 45-003-009-011-20_____

Property No. 2_____

| Creditor Name | Estimated Monthly Payment Amount[i] | Estimated Arrears[ii] | Taxes & Insurance Escrowed With Lender? Y/N |
|---|---|---|---|
| **#1 Marilyn Shields** | **\*$0.00/to be paid from proceeds of sale\*** | n/a | **No** |
| **#2 Tom and Kathy Stocklen** | **\*$0.00/to be paid from proceeds of sale\*** | **\*Approximately $88,000.00\*** | **No** |

   d.    **Prepetition Real Property Tax Claims:**  Claims of taxing authorities on real property pursuant to State law will be paid pro-rata as set forth in paragraph IV.H unless a fixed monthly payment is set forth below after the post-petition on-going mortgage payment(s).[iii]

---

[i] The monthly payment amount is an estimate and the Trustee shall pay the monthly payment  amount based on the proof of claim as filed.  The Plan authorizes the Trustee to make post-petition regular mortgage or land contract payments prior to the proof of claim being filed.  This provision does not preclude any party in interest from filing an objection to the claim.

[ii] The amount of prepetition arrears is an estimate and the Trustee shall pay the prepetition arrears based on the proof of claim as filed.  Any claim filed for prepetition arrears shall be paid through the Plan over a reasonable period of time and pro-rata with other secured creditors without interest.

| Taxing Authority | Amount | Delinquent Tax Years | Optional Equal Monthly Payment |
|---|---|---|---|
| Leelanau County | | | |

    e.   **Real Property Tax Escrow:**

        The Debtor(s) will not utilize a tax escrow with the Trustee unless marked below.

**G.**    <u>SPECIAL UNSECURED CREDITORS.</u> The special unsecured claims listed below are an exception pursuant to 11 U.S.C. § 1322(b)(1) and may include, but are not limited to, non-sufficient funds (NSF) checks, continuing professional services and non-dischargeable debts (*e.g.*, student loans, criminal fines).[iv] These special unsecured claims shall be paid as follows:

**In a 36 month ACP case with the base to general unsecured creditors paid <u>within</u> 36 months,** the special unsecured creditors will be paid pro rata with other general unsecured claims during the first 36 months and then that portion of the special unsecured creditor's claim that can be paid during the remainder of the 60 months from the date the first Plan payment is due will be paid exclusive of all other general unsecured claims during the remaining 60 months.

**In a 36 month ACP case with the base to general unsecured creditors paid <u>beyond</u> 36 months,** the special class unsecured creditors will be paid pro rata with other general unsecured claims during the first 36 months and until the specific fixed base amount to the general unsecured creditors is satisfied and then that portion of the special unsecured creditor's claim that can be paid during the remainder of the 60 months from the date the first Plan payment is due will be paid exclusive of all other general unsecured claims during the remaining 60 months.

**In a 60 month ACP case,** special unsecured creditors will be paid pro rata with the general unsecured creditors during the 60 months.

| Special Unsecured Creditor Name | Reason For Special Treatment | Interest Rate |
|---|---|---|
| <u>US Dept of Education</u> | <u>Student loan</u> | <u>3.45%</u> |
| | | |

## IV.  <u>GENERAL PROVISIONS</u>

    **R.**    <u>NONSTANDARD PROVISIONS.</u> Nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this Model Plan or deviating from it. Nonstandard provisions set out elsewhere in this Plan are ineffective and void. The following Plan provisions will be effective only if there is a check in the box "Included" in the Preamble.

Debtor intends to liquidate property/s to fund her plan. The plan is a 100% plan with all creditors, secured and unsecured, paid in full from the proceeds of the liquidation. * *Any purchase agreement must have a sales price in an amount that will pay all secured and unsecured creditors. Debtor intends to sell the property located at 1042 West Harbor Hwy, Maple City, MI 49664, Parcel No. 45-003-009-011-20. There shall either be a purchase agreement signed within six months of plan confirmation, or a closing date before the end of the 2017. Debtor agrees to not oppose a motion for relief from stay filed by the Stocklens if the above time limits are breached. *

In order to appraise, insure and sell Parcel Number 45-003-009-011-20, commonly known as: 1042 W. Harbor Highway, Maple City, MI 49664, (hereinafter referred to as the "Farmhouse"), funds from the insurance check in the amount of $129,000.00, must be used. The check *has been endorsed by all parties and is being held in escrow with Lighthouse Title, which will act as dispersing agent during the restoration.*

**Debtor,** *the Stocklens, through their attorney Thomas Pezzetti, and Marilyn Shields, through her attorney Ronald Schutnecht, have signed an escrow agreement with the agreed upon bid attached as an Exhibit. The approximate distribution of funds has been set out in the bid which will be attached to this Amended Plan as well*

---

[iii] Any creditor in this class shall retain its lien on the real property pursuant to applicable State law and shall be entitled to receive its statutory interest and collection fees as set forth in its proof of claim.

[iv] If the table below is blank, or this case has a 60 month ACP, then there will be no special treatment for special unsecured creditors.

*as the Escrow Agreement.\**

BY FILING THIS DOCUMENT, THE ATTORNEY FOR THE DEBTOR(S) OR DEBTOR(S) THEMSELVES, IF NOT REPRESENTED BY AN ATTORNEY, ALSO CERTIFY(IES) THAT THE WORDING AND ORDER OF THE PROVISIONS IN THIS CHAPTER 13 PLAN ARE IDENTICAL TO THOSE CONTAINED IN THE APPROVED MODEL PLAN PURSUANT TO LOCAL BANKRUPTCY RULE 3015(d) FOR THE WESTERN DISTRICT OF MICHIGAN BANKRUPTCY COURT, OTHER THAN ANY NONSTANDARD PROVISIONS INCLUDED IN PARAGRAPH IV.R.

Date: 6-1-17

Susan MacLean Shields, Debtor

Date:

, Debtor

Date: 6-1-17

Carroll Clough (P68204)
Bare & Clough, P.C.
Attorney for Debtors
1010 S. Union Street, Ste 300
Traverse City, MI 49686
231-946-4901
Email: lawofficecourtdocs@gmail.com

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

IN RE:

SUSAN MACLEAN SHIELDS,                    Case No. 17-00106
                                          Chapter 13
            Debtor.                       Honorable James W. Boyd

## STIPULATED ORDER REGARDING DISPOSITION OF INSURANCE PROCEEDS

Debtor filed a Chapter 13 on January 11, 2017. Her plan was subsequently filed and Objections were filed by Tom and Kathy Stocklen (hereinafter referred to as the "Stocklens"), through its counsel, Brandt, Pezzetti, Vermetten & Popovits, PC., and the Chapter 13 Trustee, Brett Rodgers. Marilyn Shields (hereinafter referred to as "Shields"), through her counsel, Smith Haughey Rice & Roegge, has filed an appearance.

A status conference was held before this Honorable Court on April 6, 2017. Though issues remain regarding confirmation of Debtor's Chapter 13 Plan, the parties reached an agreement with regard to disposition of insurance proceeds presently held by Stocklens' counsel.

Debtor, the Stocklens and Shields, stipulate and agree that the insurance proceeds should be used to rehabilitate 1042 W. Harbor Highway, Maple City, Michigan, which sustained damage due to a flood causing it to be uninhabitable.

IT IS THEREFORE ORDERED that the insurance proceeds will be placed with Lighthouse Title in Traverse City and used to repair and rehabilitate the premises located at 1042 W. Harbor Highway, Maple City, Michigan, pursuant to a plan to be agreed upon by the parties as the work to be completed and a process to ensure that all contractors are paid and no liens are placed on the property.

*SIGNATURES ON FOLLOWING PAGE*

APPROVED:

Date: April 19, 2017

By:     /s/ *Carroll Clough*     with permission see attached
Carroll Clough (P68204)
BARE & CLOUGH, PC
Attorneys for Debtor


By:     /s/ *Ronald A. Schuknecht*
Ronald A. Schuknecht (P27986)
SMITH HAUGHEY RICE & ROEGGE
Attorneys for Marilyn Shields


By:     /s/ *Thomas A. Pezzetti. Jr.* – with permission see attached
Thomas A. Pezzetti, Jr. (P45200)
BRANDT, PEZZETTI, VERMETTEN & POPOVITS, PC
Attorneys for Tom and Kathy Stocklen


IT IS SO ORDERED

# ESCROW AGREEMENT

File No:

Debtor/Owner: Susan Shields

Builder: RJS Restoration

Property Address: 1042 West Harbor Highway, Maple City, MI 49664

Escrow Agent: Lighthouse Title

Irrevocable deposit with escrow agent is: $129,863.61

      Terms and conditions for release of funds out of escrow are:

      The builder shall be RJS Restoration

      The contract price is $77,158.00. A copy of the Construction Contract is attached hereto as Exhibit "A."

      Disbursements up to the contract price on builder's application will be made upon written approval of owner. All requests for disbursement shall include sworn statements and waivers of liens, from the builder, contractors, subcontractors, suppliers, and laborers covering all work, labor, and materials performed or furnished for the Project. Owner may also provide Escrow Agent with invoices, paid receipts, and other evidence reasonably satisfactory to the Escrow Agent evidencing any costs invoiced or submitted directly to Owner in connection with the Project, which will be paid directly or reimbursed to Owner upon written approval of the lien holders or their respective attorneys. Upon completion of the Contract, Builder shall provide an Affidavit satisfactory to Escrow Agent stating that it has received payment for all sums owing to it by Owner, waiving and releasing all claims which the Builder may have against Owner, and certifying that Builder has fully paid for all work, labor, materials, and equipment provided to it in connection with the Project, and that the Project is fully completed.

      Disbursements in excess of contract price but up to one hundred twenty-nine thousand dollars will be made upon written approval by owner and the first lienor (Marilyn Shields), junior lienors (Thomas and Kathy Stocklen), or their respective attorneys.

      Upon the release of the above-referenced escrow funds, this escrow shall terminate and the escrow agent shall be released from any further liability. It is expressly understood by all other parties to this instrument, that the escrow agent is acting in the capacity of a depository and is not as such responsible or liable for the sufficiency, correctness, genuineness or validity of the escrow funds and/or escrow documents herewith.

1

In the event of any disagreement between the parties hereto resulting in conflicting instructions to, or adverse claims or demands upon the escrow agent with respect to the release of the escrow funds and/or escrow documents, the escrow agent shall refuse to comply with any such instructions, claim or demand so long as such disagreement shall continue, and when so refusing, the escrow agent shall not be or become liable in any way by its failure or refusal to comply with any such conflicting instructions or adverse claims or demands, and it shall be entitled to continue to refrain from acting until such conflicting instructions or adverse claims or demands (A) Shall have been adjusted by agreement in writing by al parties or (B) It shall have been furished a certified copy of a final judgment of a court of competent jurisdiction together with satisfactory evidence that any right of appeal has expired.

The escrow agent may, in its sole discretion, resign, by giving thirty (30) days written notice thereof to the parties hereto. If the escrow agent shall not have received such written instructions within the thirty (30) day period, the escrow agent may petition a court of competent jurisdiction for the appointment of a successor escrow agent and upon such appointment, deliver the escrow funds and/or escrow documents to such successor.

The parties hereto agree, jointly and severally, to indemnify and hold harmless from and against all costs, damages, judgments, attorney's fees, expenses, obligations, and liabilities of any kind or nature which escrow agent may incur or sustain through this escrow agreement.

For the services contemplated herein, escrow agent shall receive the sum of two hundred dollars.

This agreement may only be amended by a written agreement signed by both owner and builder and lienors and received and accepted by escrow agent. The provisions of this escrow agreement shall bind and inure to the benefit of the successors and assigns of owner, and escrow agent and lienors. It is further understood that any escrow funds will be held in a non-interest-bearing account.

Acceptance by debtor/owner

_____
Susan Shields

Acceptance by Lienors' Counsel

_____
First lienor, Marilyn Shields, by counsel

_____
Junior lienor, Thomas & Kathy Stocklen
By counsel

2

Acceptance by

Escrow Agent's Acceptance:

Lighthouse Title hereby accepts the foregoing Escrow Agreement and acknowledges receipot of the escrow funds and/or escrow documents

This _____ day of _____ , 2017

By: _____

Its: _____

W:\Tom P\Stocklen, Tom & Kathy\Sheilds Escrow Agmt 042417 redlina.docx

3

# RJS Restoration, LLC

Phone: 734.828.4577

2670 Thornapple River Drive SE
Grand Rapids, MI 40509

# Proposal

Homeowners Insurance for Payments of Materials and Labor

Shields Farmhouse- REVISED

Date: April 21, 2017

To:

Susan Shields

1042 West Harbor Highway Maple City, Michigan 49664

Cc: Bare & Clough PC

| DESCRIPTION | HOURS | RATE | AMOUNT |
|---|---|---|---|
| **PREVIOUS BID  (Feb to April Adj)** | | | 66,340 |
| **ADDITIONAL REQUESTED HOMEOWNER SERVICES** | | | 10,818 |
| All Services to Be Placed in Homeowners Name incl: | | | |
| Consumers Energy Hook Up & On; Propane Tank Drop, Hook Up & Fill; | | | |
| Fuel Oil Tank Check & Minimal Fill; American Waste Dumpster Loaded | | | |
| and 3x Removal; Move & Storage For Salvaged Remaining , Truck Rental, | | | |
| Units  & Labor | | | |
| **YET TO BE DETERMINED BY HOMEOWNER** | | | |
| Two New Front Doors, 7 Hardware and Lock Sets , Lock Smith, Remaining | | | |
| Roofs Inspected, Furnace and Water Systems to be Tested and Deter- | | | T.B.D. |
| mined, Septic & Drain field Inspected and Tested, Appliance Package & | | | |
| Laundry Package Replace from previous Commercial  Proline | | | |
| **TERMS & CONDITIONS** | | | |
| Check Paid to RJS Restoration, LLC | | | |
| Owner Services Extras to be Paid + 50% of Proposal Estimate To Start | | | |
| Balance Paid on Completion ,Owner Sign Off , Escrow Release | | | |
| Unpaid Balances Incur 1% Monthly | | | |
| All Transactions for This Rehab Project to Be Cash at Delivery or Pick Up. | | | |
| No Credit Extended BY Suppliers. Waivers or Receipts for Payment in Full | | | |
| With All Expenditures over $1,000. | | | |
| Owner Provides Insurances & Permits if Needed | | | |
| **Thank You for Your Business** | | TOTAL | $ 77,158 |

TO:   CiCi Clough                          p.3/3

      Robert Kaufman

FROM: Susan Shields

DATE:  April 19, 2017

RE:    Owner Responsibilities on Restoration of Shields Farmhouse

RJS agrees to act as the Homeowner Family Contractor and Coordinator for the following items, plus previously quoted Details p. 1 and p.2 , provided owner signs as party in whose name is responsible to providers for "Ownership" of tanks, billing of future deliveries, etc. and provide Our Own Insurance Policy or Owners Permits if Needed .

| | | |
|---|---|---|
| *Consumers Energy Hook Up & On | ( in name of Susan Shields) | 2,500 |
| ? Deposit | | TBD |
| *Propane Tank Drop & Fill- Basic | ( in name of Susan Shields) | 500 |
| *Fuel Oil Check Tanks Check & and Minimal Delivery Fill | ( in name of Susan Shields) | 500 /TBD |
| *American Waste Dumpster Drop & Removal x3 | ( in name of Susan Shields) | 1905 |
| Labor | | 1500 |
| *Move & Storage For Remaining Salvage to be movedx3 | ( in name of Susan Shields) | 1630 |
| Labor, Truck, | | 1300 |

                                                          * TOTAL $ 10,818.50

## Upon Recent Inspection:

| | |
|---|---|
| 2 Front Doors Damaged by Kick In & Weather | |
| Ordered, Delivered Installed | TBD |
| New Hardware & Lock Sets and Keys for All 7 Doors | TBD |
| Contract Northwestern Lock | |
| The Remaining Roofs Need To Be Inspected  - Contractor | TBD |
| Furnace | TBD |
| Septic & Drainfields Need Inspection -RJS, & Contractor | TBD |
| Appliance Package Kitchen & Laundry | 7 Pieces MidPrice Replacing PROFESSIONAL |
| Purchase, Delivery, Installation | TBD |